CAMDEN SAFE DEPOSIT AND TRUST COMPANY, trustee under the will of George Holl, deceased, complainant-appellee,

*v.*

JOHN F. HOLL et al., defendants-appellants.

[Argued October term, 1933.   Decided February 2d, 1934.]

*Mr. Raymond L. Siris,* for the defendants-appellants.

*Mr. A. Moulton McNutt,* for the defendant-appellee.

*Mr. George Reynolds,* for the complainant-appellee.

The opinion of the court was delivered by

Bodine, J.

The complainant sought the construction of the residuary clause of the will of the late George Holl, who died April 16th, 1913. The will provides as follows:

"At the expiration of ten years after the death of my wife, Laura Holl, if she should survive me, and at the expiration of ten years after my death should she not survive me, I direct my trustees to distribute, divide, convey and transfer all my estate, real and personal then remaining to and among the following, my brother and sisters in the following proportions, to wit: To my brother Gottlieb A. Holl six-elevenths thereof; to my sister Caroline Valet two-elevenths thereof; to my sister Pauline H. Friederich one-eleventh thereof and to my sister Louise C. Burnett two-elevenths thereof. And in case my said brother or any of my said sisters should then be dead, the share of the one so dying shall be divided equally among his or her children; and in case the one so dying shall not leave any child or children surviving but should leave a grandchild or grandchildren then such grandchild or grandchildren shall take the share to which the grandparent would have been hereby entitled, and if more than one, in equal shares; and if there be no child or children, grandchild or grandchildren then the share of the one so dying shall be distributed among the survivors in the same proportions as herein provided for."

It appears that Caroline Valet survived the testator and died September 30th, 1914, leaving her surviving a daughter, Ada C. Risley, who is still living and also descendants of her two daughters, Emma V. Sutherland and Violet Newbauer. Emma V. Sutherland died October 30th, 1903, leaving a daughter, Rita S. Frey, who died November 15th, 1919, leaving as her heir, a son, Edward Frey, an infant under the age of fourteen years. Violet Newbauer survived testator

and died April 22d, 1913, leaving four children, Carrie Pedrick, Frank Newbauer, Louis Newbauer and Viola Standinger, all of whom are still living and are all of full age. Ada C. Risley, as the sole surviving child of Mrs. Valet, asserts that under the provisions of the will she is entitled to all the share to which her mother would have been entitled if living at the time of distribution and that the children and representatives of her deceased sisters, Emma V. Sutherland and Violet Newbauer, are not entitled to any portion thereof.

It is to be noted that Mrs. Valet's daughter, Mrs. Sutherland, died before the testator, her only living heir being a great-grandson of testator's sister. The court of chancery construed the will as calling for a distribution *per stirpes* among the heirs of testator's sister and in this we think there was no error. The testator mentions in his will his sisters' children or grandchildren as distributees in the event of his sisters' death before the time fixed for distribution. His purpose undoubtedly was that his sisters' heirs should take if she were unable to do so. There is nothing to indicate an intention that a sister's surviving daughter should take to the exclusion of her mother's other heirs. The testator expressly provides for distribution in the event of his sister's death among her children, and in case a sister's children predeceased her then among grandchildren. We think it manifest that upon the death of the testator, Mrs. Valet's children and the child of her deceased daughter took an interest in the estate which passed to their heirs.

The testator obviously intended a distribution of the residue of his estate among his brother and sisters and their children or grandchildren. Since the distribution of his large residuary estate was suspended for ten years after his wife's decease or his, if she should not survive him, it is manifest that he must have contemplated that many changes among the ultimate beneficiaries would occur by reason of deaths. He, therefore, mentions the children and grandchildren of his brother and sisters and says that a grandchild shall take the share to which a grandparent would be entitled, and he also speaks of equal shares. We conclude that he intended

that in the event of the death of his brother or any of his sisters before distribution their children, or grandchildren, the children of a deceased child, should take *per stirpes*. Any other view would result in an absolute chance determination of the ultimate objects of his bounty. The testator never mentions a distribution among the survivors, but displays an intention to provide for his sisters and brother, and in the event of their death for their children and grandchildren. It is manifest that he intended that his sister, or her children, or her children's children should take *per stirpes*. *Roome* v. *Counter, 6 N. J. Law 111*.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.